# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DOMINIQUE BROOKS aka**
**DOMINIQUE REIGHARD,**

           **Plaintiff,**                        **Case No. 2:14-cv-976**
                                                      **JUDGE GREGORY L. FROST**
      **v.**                               **Magistrate Judge Terence P. Kemp**

**SANOFI-AVENTIS U.S., LLC, et al.,**

           **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion for summary judgment (ECF No. 35), Plaintiff's memorandum in opposition (ECF No. 39), Plaintiff's amended memorandum in opposition (ECF No. 42),[1] Defendants' reply memorandum (ECF No. 44), and Defendants' motion for leave to file supplemental authority (ECF No. 46). The Court **GRANTS** the motion for leave to file supplemental authority (ECF No. 46), but **DENIES** the motion for summary judgment (ECF No. 35).

---

[1] Plaintiff filed her supplemental memorandum without having obtained leave of court. Given the overlapping state of the summary judgment briefing and the stay briefing, however, the Court accepts the supplemental filing as properly before this Court. The Court cautions counsel, however, that bifurcating the briefing without leave of court is generally an unsuccessful endeavor.

## I.  Background[2]

Injectable poly-L-lactic acid is classified as a prescription medical device that is used for cosmetic injections.  It is sold under the trade names Sculptra and Sculptra Aesthetic.  The Food and Drug Administration ("FDA") approved the former for use in treating patients with the human immunodeficiency virus ("HIV") who suffered from facial depressions or deficits.  The FDA subsequently approved the latter for cosmetic use in non-HIV patients.

Beginning in August 2012 and continuing until sometime in June 2013, Plaintiff, Dominique Brooks, received a series of prescribed injections of either Sculptra or Sculptra Aesthetic while under the care of her physician.  Plaintiff asserts that as a result of these injections, she suffered skin eruptions that were accompanied by serve pain, infections, oozing puss, drying of the scalp, loss of hair on her head and elsewhere on her body, injury to her nerves and nervous system, and mental anguish.  She also avers that the injections caused her to develop solidified particle deposits that have necessitated removal.

In June 2014, Plaintiff filed a complaint in the Court of Common Pleas in Franklin County, Ohio, against the companies purportedly involved in developing, manufacturing, marketing, and distributing Sculptra and Sculptra Aesthetic: Valeant Pharmaceuticals North America LLC, sanofi-aventis U.S. LLC, and Aventis Pharmaceuticals Inc.  Defendants removed the complaint to this Court in July 2014.  The complaint asserts seven state law claims: breach of warranty, manufacturing or construction defect, design or formulation defect, failure to warn or

---

[2]  Given today's disposition of the motion for summary judgment, the Court has elected to reproduce here much of the background section set forth in this Court's December 8, 2014 Opinion and Order.  (ECF No. 26.)  This content, originally culled from the pleading, is presented for background summary purposes only and does not constitute a statement of established facts under Federal Rule of Civil Procedure 56(g) or otherwise.

instruct, failure to conform to a representation, supplier liability, and negligence and vicarious liability. (ECF No. 5 ¶¶ 11-55.) Following removal, Defendants filed a motion to dismiss on the grounds that federal law preempts these state law claims. (ECF No. 8.) The Court denied the motion to dismiss. (ECF No. 26.)

Just over five months before the close of discovery, Defendants filed a motion for summary judgment (ECF No. 35) and a motion to stay all discovery during the pendency of the summary judgment motion (ECF No. 36). This Court previously denied the motion to stay discovery. (ECF No. 45.) This leaves for disposition the motion for summary judgment.

## II. Supplemental Authority

This Court finds Defendants' motion for leave to file supplemental authority well taken. (ECF No. 46.) The time for filing a memorandum in opposition to the motion has passed without Plaintiff having filed any such memorandum. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees.").

## III. Summary Judgment

As in their prior motion to dismiss, Defendants assert in their motion for summary judgment that, because Plaintiff's state law claims would impose requirements that do not mirror the requirements created by the FDA's Premarket Approval ("PMA") process, a statutory preemption clause applies so that the state law claims fail. Plaintiff again disagrees and argues that her claims fall outside the scope of the statutory preemption provision. She asserts that discovery is needed to respond to the motion for summary judgment. Defendants counter that Plaintiff has had the opportunity to conduct sufficient discovery to respond to the summary

3

judgment motion.

Plaintiff's filings lead this Court to Federal Rule of Civil Procedure 56(d), which

provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery, or
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The Sixth Circuit has endorsed five factors that a court should consider in

deciding whether to grant a Rule 56(d) motion for additional discovery:

> (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.

*HCA–Info. Tech. & Servs., Inc. v. Informatica Corp.*, No. 3:10–CV–01155, 2011 WL 5117727,

at *3 (M.D. Tenn. Oct.25, 2011) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th

Cir. 1995)).

Applying these five factors to the instant case, the Court finds the Rule 56(d) motion well

taken.  The filings suggest that Plaintiff has known of the need for discovery on possible

preemption from the outset of this litigation.  Counsel for Plaintiff also represents other plaintiffs

in similar cases against Defendants and the preemption issue has been present in prior litigation.

The filings also suggest that the discovery Plaintiff seeks could affect the disposition of the

motion for summary judgment.  Plaintiff's counsel offers in an affidavit that he has "a good-faith

belief that the adverse side-effects suffered by Plaintiff . . . were not disclosed to the FDA during

the PMA process or if they were, their frequency was misrepresented" and that he "discovered fines lodged against [a defendant] for failure to report adverse side-effects." (ECF No. 42-1, at Page ID # 584 ¶¶ 7, 8.) Counsel also states that discovery is needed on these issues to determine whether Plaintiff can assert her claims. (*Id.* at Page ID # 583 ¶ 6.) Finally, counsel asserts that Defendants are refusing to move forward with requested depositions and instead only engaged in a document dump. These assertions unquestionably target the preemption issue and perhaps sweep all of Defendants' summary judgments arguments into their scope, whether directly or indirectly. The first two factors weigh in favor the Plaintiff's Rule 56(d) motion.

The remaining three factors present more of a mess. Discovery in this case has been ongoing and is set to close on October 16, 2015. The parties paint quite different pictures of what has transpired during discovery. Defendants suggest that Plaintiff has been remiss in conducting discovery, which, if true, would mean that the fourth factor and its focus on whether Plaintiff has been dilatory in its discovery efforts would not favor the Rule 56(d) motion. In contrast, Plaintiff suggest that Defendants are stonewalling, which, if true, would mean that the fifth factor and its focus on whether Defendants have been truly responsive to discovery requests would favor the Rule 56(d) motion. This Court cannot realistically parse an unquestionably accurate picture of discovery from the parties' divergent characterizations based only on the filings presented, but the Court is certain of four points.

First, this Court's patience with the parties and their finger-pointing is becoming increasingly limited. Second, considering the five factors in their entirety, the weight favors permitting additional discovery. Third, although there has been time for discovery, the additional time *already built into the case schedule* would afford Plaintiff all the time she should

5

need to obtain the information sought.  If Plaintiff does not take advantage of that time, Plaintiff should not expect another Rule 56(d) motion to meet with success in the second round of summary judgment motions practice.  If Plaintiff does pursue discovery and Defendants indeed resist, Plaintiff should seek judicial intervention.  Fourth, in light of the first three points, the Court finds the Rule 56(d) motion well taken and elects to deny without prejudice Defendants' motion for summary judgment.

## IV.  Conclusion

This Court **GRANTS** Defendants' motion for leave to file supplemental authority (ECF No. 46) and **DENIES WITHOUT PREJUDICE** Defendants' motion for summary judgment (ECF No. 35).

**IT IS SO ORDERED.**

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE